UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THADDEAS VONDERRICK
BICKHAM,

         Plaintiff,

v.

CITY OF GRAND RAPIDS, *et al.*,

         Defendants.
_____/

Case No. 1:05-CV-18

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff Thaddeas Vonderrick Bickham's Motion to Alter or Amend Partial Judgment Dated June 12, 2006. Oral argument is unnecessary in light of the briefing.

      Plaintiff has made a timely motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) authorizes relief due to: (1) an intervening change in law; (2) previously unavailable evidence has become available; and (3) the correction of a clear error of law or prevention of manifest injustice. *See Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (citing cases). Plaintiff's Motion concerns the third alternative–to prevent an error of law and/or manifest injustice.

      Upon review of such argument, it does not appear either that there was an error of law and/or manifest injustice. Plaintiff argues in part that the Court should have delayed decision on the health care staff's summary judgment motion because of his need for discovery. This argument is not persuasive. Plaintiff did not timely present sufficient grounds to warrant delay under Rule 56; and, the Court properly exercised its discretion in deciding the summary judgment motion without further

discovery. Plaintiff also argues that the summary judgment decision ignored his claim that police officers encouraged the health care staff to conduct a drug screen. This argument likewise fails. The private/non-state actor analysis in any event dictates summary judgment since the private medical staff (emergency room doctors of a private hospital) are not state actors. Furthermore, even if (as Plaintiff suggests) the officers were urging the staff to conduct the urine screen, there is no indication in the record that such was medically inappropriate to prevent a suspected drug overdose, or that the treatment decision was motivated by something other than an honest treatment decision of the medical staff.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Thaddeas Vonderrick Bickham's Motion to Alter or Amend Partial Judgment (Dkt. No. 37) is **DENIED**.

DATED in Kalamazoo, MI:
July 25, 2006

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE