UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THADDEAS V. BICKHAM,

    Plaintiff,

Case No. 1:05-CV-18

v.

Hon. Richard Alan Enslen

CITY OF GRAND RAPIDS, *et al.*,

**OPINION**

    Defendants.
_____/

Defendants City of Grand Rapids, Grand Rapids Police Department and Officers Gretchen Galloway, Paul Beckett, Dan Savage, Andrew Bingel, Philip Braate, and Greg Hillary have moved for summary judgment as to Plaintiff Thaddeas V. Bickham's civil rights claims against them. Plaintiff has failed to timely respond to the Motion for Summary Judgment. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

Plaintiff filed the instant *pro se* suit in January 2005 claiming that his rights under 42 U.S.C. § 1983 and the Fourth, Fourteenth and Eighth Amendments to the United States Constitution were violated by Defendants' conduct in the course of Plaintiff's August 14, 2002 arrest and the resulting medical treatment. (Compl. 1, 4.)

This Court earlier granted summary judgment in favor of the treating medical personnel and Spectrum Health (a Grand Rapids hospital), whom Plaintiff had also included in his suit. (Partial J. of June 12, 2006.)

On January 17-22, 2003, Plaintiff was tried and convicted of the following federal crimes before the Honorable Gordon W. Quist:  (1) felon in possession of a firearm; (2) possession with intent to distribute an unspecified quantity of marijuana; and (3) possession of a firearm in connection with a drug offense.  (Trial Transcript ("T.T.") 246-47.)  He was acquitted of one charge of possession with intent to distribute more than 50 grams of cocaine.  (T.T. 233-34.)  He was later sentenced to a term of 112 months imprisonment on the three charges.  (Sentencing Tr. 44-45.)  The trial testimony and other evidence has provided an ample record upon which Defendants move for summary judgment.

Plaintiff was arrested on August 14, 2002 in the City of Grand Rapids during the execution of a felony drug search warrant at 1733 Eastern Avenue.   (T.T. 28-31; Defs.' Ex. C (search warrant).)  The warrant was granted by a neutral and detached magistrate based upon the search warrant affidavit by Officer Galloway, which affirmed that Plaintiff had made drug sales to a reliable informant at the residence in the recent past.  (*Id.*)  During the course of the search, officers found cocaine, marijuana, drug scales and firearms in Plaintiff's residence.

Officer Paul Beckett led other Grand Rapids Police Officers to the front door of the residence, which belonged to Plaintiff.  (T.T. 69, 197.)  Officer Braate and Lieutenant Savage then went to the basement to search, confronted Plaintiff, and ordered him to the ground.  (T.T. 88-89.)  In response to the basement noise, Officer Beckett went to the basement and observed Plaintiff coughing, choking and spitting up a white foam.  (T.T. 73-74.)  Fearing a drug overdose, Lieutenant Savage called an ambulance for Plaintiff.  (T.T. 91-92, 196.)  During the hospital ride, an oxygen mask was used to assist in Plaintiff's breathing.  Once he arrived at Spectrum Health, Plaintiff's

medical treatment was caused and controlled solely by the hospital medical staff. (Aff. of Martin Freeman ¶ 9.)

## SUMMARY JUDGMENT STANDARDS

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the movant has filed evidence warranting summary judgment, the burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If the non-movant then fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. In assessing the record, the whole of it must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## LEGAL ANALYSIS

Plaintiff has sued Defendants under both 42 U.S.C. § 1983 and the Fourth, Fourteenth and Eighth Amendments to the United States Constitution on the theories that the Defendant officers illegally entered his residence, falsely arrested him, used excessive force and administered

unnecessary medical care without his assent. Summary judgment is appropriate as to all of Plaintiff's remaining claims against these Defendants.

Regarding the claims against Defendant "City of Grand Rapids Police Department," all such claims must be dismissed. A police department is not a recognized legal entity under Michigan law, such that suit must be directed toward a recognized entity such as a city or its officers rather a police department. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (citing *Laise v. City of Utica,* 970 F. Supp. 605, 608 (E.D. Mich. 1997)); *O'Donnell v. Brown*, 335 F. Supp. 2d 787, 815 (W.D. Mich. 2004).

Plaintiff's Fourth and Fourteenth Amendment claims asserting malicious prosecution must be dismissed. These claims imply the invalidity of his resulting convictions. As such, these claims are barred by the rule of *Heck v. Humphrey*, 512 U.S. 477, 484-88 (1994). *See also Barnes v. Wright*, 449 F.3d 709, 717 (6th Cir. 2006).

Regarding all of Plaintiff's Fourth Amendment claims premised on unlawful entry and search and false arrest, these claims all fail on the instant record. *See Payton v. New York,* 445 U.S. 573, 586 (1980); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *United States v. Watson,* 423 U.S. 411, 417-24 (1976) and *Brinegar v. United States,* 338 U.S. 160, 175-76 (1949)). The record fully supports that there was sufficient evidence warranting the issuance of a search warrant for the residence. The search warrant was properly issued by a neutral and detached magistrate as to the residence. The officers lawfully entered the residence and then lawfully arrested Plaintiff because he was in close proximity to drugs and guns and had a large amount of cash in his possession.

As to the Fourth Amendment claims for use of excessive force, the record does not support a finding the officers used excessive force on the day of the arrest. *See Graham v. Connor,* 490 U.S.

386, 388 (1989). The mere ordering of Plaintiff to the ground and handcuffing him for safe transport and the force used to assist him in safe breathing were protective in nature. This force did not cause Plaintiff any injury and does not constitute "excessive force" under the Fourth Amendment.

To the extent that Plaintiff intends a Fourteenth Amendment claim regarding his medical care, *see City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983), such claims fail on the present record. While emergency medical care was needed, it was summoned. The officers acted appropriately in the transport of Plaintiff and once he was transported, his medical care was solely under the control of the treating medical staff.

Concerning Plaintiff's claims under the Eighth Amendment, these claims are properly dismissed since his status was that of a pretrial detainee, not a convicted person, at the time of these events. *City of Revere*, 463 U.S. at 244; *Danese v. Asman*, 670 F. Supp. 709, 727 (E.D. Mich. 1987).

Regarding the City of Grand Rapids, all claims against it must be dismissed because there is no basis for liability for any of its officers and because there is no basis for tying the City to any even alleged unconstitutional conduct by its officers. *See Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989).

The above analysis resolves all of Plaintiff's claims and mandates issuance of a final judgment in favor of Defendants. Because this action was filed *in forma pauperis*, the Court will also certify for the purpose of appeal that an appeal of the judgment would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). This is because the record does not contain objective evidence supporting any of Plaintiff's section 1983 claims.

## **CONCLUSION**

For the reasons given herein, Judgment shall enter granting Defendants' Motion for Summary Judgment and dismissing this suit in its entirety.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 21, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |